IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| LARRY DEWAYNE ADAMS, | ) | Cause No. CV 10-45-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER and |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION OF U.S. |
| WARDEN MIKE MAHONEY, | ) | MAGISTRATE JUDGE |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

On October 4, 2010, Plaintiff Larry Adams moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983. Plaintiff is a state prisoner proceeding pro se.

Plaintiff lacks funds to prepay the filing fee. Mot. Ex. (doc. 1-1) at 1-4. His motion to proceed in forma pauperis will be granted.

All of Plaintiff's claims arise from his 1999 conviction for aggravated assault with a weapon and criminal possession of dangerous drugs. He is

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

currently serving a twenty-five-year prison sentence. He previously filed a petition for writ of habeas corpus in this Court. All claims but one were denied on the merits. On February 10, 2010, Plaintiff was resentenced in the state trial court because a consecutive ten-year prison term was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). See Order (doc. 35) at 17 ¶ 2; Order (doc. 27) at 4 para. 3; Order at 3, Adams v. Mahoney, No. OP 10-0338 (Mont. Aug. 31, 2010). Plaintiff's total sentence was reduced from thirty-six to twenty-six years. Judgment was entered in the habeas case on November 24, 2009. See generally Adams v. Mahoney, No. CV 07-103-M-JCL (D. Mont. filed Aug. 17, 2007).

The Complaint suffers from several fatal defects, such as the Defendants' immunity and the statute of limitations. The most comprehensive such defect is that Plaintiff simply cannot state a claim for relief under 42 U.S.C. § 1983 based on the facts surrounding his conviction, his sentence, or his re-sentencing. Plaintiff's claims allege misconduct that had no bearing on his conviction or sentence. He shows no "violation of a right secured by the Constitution and laws of the United States," so he fails to state a claim under 42 U.S.C. § 1983. West v.

Atkins, 487 U.S. 42, 48 (1988). Plaintiff's allegations of misconduct by the Defendants in the criminal case are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). If Plaintiff can meet the favorable-termination requirement on the Apprendi claim, Heck, 512 U.S. at 487, he can show no injury that has not already been redressed by the reduction of his sentence. Plaintiff did not and will not spend a single extra day in prison as a result of the Apprendi violation.

No claim can be stated under § 1983 based on the facts alleged in the Complaint. Amendment would be futile. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)). At least some of Plaintiff's claims might be addressed in a habeas petition, but the Complaint must be dismissed. Magwood v. Patterson, __ U.S. __, 130 S. Ct. 2788, 2792 (2010); Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997). The law underlying this disposition is well-established, and its application is unarguable. The district court should certify that any appeal from its disposition would not be taken in good faith.

Based on the foregoing, the Court enters the following:

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

## ORDER

The motion to proceed in forma pauperis (doc. 1) is GRANTED. The Clerk of Court shall waive prepayment of the filing fee. A collection order is issued separately.

The Court also enters the following:

## RECOMMENDATION

1. The Complaint (doc. 2) should be DISMISSED for failure to state a claim on which relief may be granted.

2. The Clerk should be directed to enter, by separate document, a judgment of dismissal.

3. The docket should reflect that Plaintiff's filing of this action counts as one strike under 28 U.S.C. § 1915(g).

4. The district court should CERTIFY, pursuant to Fed. R. App. P. 24(a)(3)(A), that any appeal from its disposition would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file

written objections to this Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Plaintiff must immediately inform the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this case without notice to him.

DATED this 19th day of October, 2010.

/s/ *Keith Strong*
Keith Strong
United States Magistrate Judge