

FILED

DEC 15 2010

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| LARRY DEWAYNE ADAMS, | ) | CV 10-45-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN MIKE MAHONEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Larry Dewayne Adams, proceeding pro se, brought this action

pursuant to 42 U.S.C. § 1983. He alleges claims arising from his 1999 conviction

for aggravated assault with a weapon and criminal possession of dangerous drugs.

Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge

Strong, who issued Findings and Recommendation on October 19, 2010. Judge

Strong recommended the Complaint be dismissed for failure to state a claim on

1

which relief may be granted. In making this recommendation, Judge Strong found the Complaint deficient because (1) Defendants have immunity, (2) the claims are untimely, (3) the claims show no "violation of a right secured by the Constitution and laws of the United States," and (4) they are otherwise barred by Heck v. Humphrey, 512 U.S. 477, (1994).

Adams timely objected to the Findings and Recommendation on November 2, 2010, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). Despite Adams' objections, I agree with Judge Strong's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

Adams objects that his claims did not accrue until February 18, 2010, and thus are timely, and that immunity is an affirmative defense the defendant must plead. The objections are not well taken. February 18, 2010–the day after the new judgment was entered against Adams–is not relevant to when his claims in this action accrued. See TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999) ("[A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."). As to immunity, 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the

2

defendants if it is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Immunity provides grounds for a sua sponte dismissal where the defense is complete and obvious from the face of the pleadings. That is the case here.

Regardless, Adams does not object to Judge Strong's findings that the Complaint fails to state a claim under 42 U.S.C. § 1983 and is otherwise <u>Heck</u> barred. As such, there are separate grounds for dismissal. Reviewing these unchallenged findings for clear error, I find none. Because no claim could be stated under § 1983 based on the alleged facts, amendment would be futile.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (dkt #4) are adopted in full.

IT IS FURTHER ORDERED that

1.  The Complaint (dkt #2) is DISMISSED for failure to state a claim on which relief may be granted;

2.  The Clerk shall enter, by separate document, a judgment of dismissal;

3.  The docket shall reflect that Plaintiff's filing of this action counts as one strike under 28 U.S.C. § 1915(g); and

4.    The docket shall reflect that the Court certifies pursuant to

Fed.R.App.P. 24 (a)(3)(A) that any appeal of this decision would not

be taken in good faith.

Dated this ___ day of December, 2010.

Donald W. Molloy, District Judge
United States District Court

4